IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HENRY DEENER,

                    **Plaintiff,**

   **v.**                                    **1:05-cv-2111-WSD**

GEORGIA BUILDING
AUTHORITY,

                    **Defendant.**

## ORDER

This matter is before the Court on Defendant Georgia Building Authority's ("Defendant") Motion to Dismiss Complaint [2].

## I.    BACKGROUND

Plaintiff Henry Deener ("Plaintiff") alleges he was employed by Defendant's property resource division until June 30, 2003, when his employment was terminated for purportedly violating Defendant's "chain of command rule or policy." (Compl. ¶¶ 4-6, attached as Ex. A to Def.'s Notice of Removal [1].) On July 14, 2005, Plaintiff filed this action in the Superior Court of Fulton County, Georgia. (Compl.) Plaintiff claims he "was denied his right of freedom, his fundamental right of liberty and denied the duty owed by those rights to not be

interfered with in the exercise of those rights," (Compl. ¶ 15), and that Defendant "violated Plaintiff's constitutional right of freedom of speech . . . ." (Id. ¶ 23.) Plaintiff also claims his discharge was "evil in itself," "completely fraudulent and totally bogus," and "the Defendant cited a non-existent rule and used a craft maneuver to discharge plaintiff wrongfully." (Id. ¶¶ 18, 23.)

On August 15, 2005, Defendant removed the case to this Court on the grounds that Plaintiff's lawsuit alleges violation of the First Amendment to the United States Constitution, among other claims, and presents a federal question over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal ¶¶ 1-2.) On August 21, 2005, Plaintiff filed a "Motion in Opposition to Motion to Transfer" in the Superior Court of Fulton County. In his motion, Plaintiff claims "[t]his is a wrongful discharge predicated upon fraud and deceit." Plaintiff also claims he provided the state with a proper ante litem notice and that the Superior Court has subject matter jurisdiction over his lawsuit.

Defendant moves to dismiss the claims asserted against it on the following grounds: (1) Plaintiff's wrongful termination claim fails to state a claim upon which relief can be granted under Georgia law; (2) Plaintiff's tort claims are barred by the statute of limitations and Plaintiff's alleged failure to comply with the requirements

of the Georgia Tort Claims Act; and (3) Plaintiff's § 1983 claims are barred by the statute of limitations and Plaintiff's alleged failure to bring a claim against a proper party.  (Def.'s Mot. to Dismiss at 1.)  On August 21, 2005, Plaintiff filed his "Answer to Motion to Dismiss,"[1] and Defendant filed its Reply Brief on September 1, 2005.

## II.   **DISCUSSION**

### A.   <u>Motion to Dismiss Standard</u>

The law in this Circuit governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well settled.  Dismissal of a complaint is appropriate only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).  "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist."  <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 289 F.3d 1268, 1270 (11th Cir. 2002), *rev'd on*

---

[1]  Plaintiff filed his Answer to Motion to Dismiss in the Superior Court of Fulton County.  In light of Plaintiff's *pro se* status, the Court has considered this filing even though it was filed improperly.

*other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).  Where the defendant argues a claim is barred by the statute of limitations, the claim should be dismissed only when noncompliance with the statute of limitations is apparent on the face of the complaint.  See LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("[O]ur cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.") (citations omitted).  Applying these principles, the Court will address first Plaintiff's federal-law claims.

      B.     Federal-Law Claims

      Plaintiff claims he "was denied his right of freedom, his fundamental right of liberty and denied the duty owed by those rights to not be interfered within in the exercise of those rights," and that Defendant "violated Plaintiff's constitutional right

of freedom of speech . . . ."  Section 1983 provides a cause of action for persons who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law.  42 U.S.C. § 1983.

Because § 1983 does not contain a statute of limitations, federal courts select the most appropriate or analogous state statute of limitations.  Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  "[T]he proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries."[2]  Id.  The statute of limitations begins to run on a cause of action on the date that the plaintiff could first have maintained his action to a successful result.  Skully v. First Magnolia Homes, 614 S.E.2d 43, 45 (Ga. 2005) (citation omitted).

In this case, the conduct on which Plaintiff's claims is based -- the termination of his employment on June 30, 2003 -- occurred more than two years

---

[2]  O.C.G.A. § 9-3-33 provides:  "Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues."

before he filed this action.  Plaintiff claims he "did not know the firing constituted a

'loss' . . . until he received a letter from [a law firm] on September 22[], 2004," and

that he "did not know positively of the 'loss' until [February 8, 2005] when Plaintiff

went to the state library" and researched his claims.  (Pl.'s Answer to Mot. to

Dismiss at 1.)

Plaintiff has not presented, and the Court's research has not uncovered, any

facts or legal authority to support extending the limitations period under these

circumstances.[3]  Accordingly, Plaintiff's § 1983 claims are barred by the applicable

statute of limitations and must be dismissed.[4]

C.    State-Law Claims

The only remaining claims in this case are Plaintiff's state-law tort and

wrongful discharge claims.  These claims do not by themselves confer original

─────────────────

[3] See generally Coffee v. General Motors Acceptance Corp., 30 F. Supp. 2d
1376, 1381 (S.D. Ga. 1998) ("The limitation period may be tolled if the defendant
commits an act of actual fraud.  Actual fraud must have the effect of concealing
from the plaintiff the existence of the cause of action despite her exercise of
reasonable diligence.") (citations and quotations omitted).

[4] Because Plaintiff's § 1983 claims are barred by the statute of limitations the
Court does not address Defendant's argument that it is not a proper "person"
capable of being sued pursuant to § 1983.  (Def.'s Mot. to Dismiss at 5.)

jurisdiction.  By granting summary judgment on Plaintiff's § 1983 claims, the Court has dismissed all claims over which it has original jurisdiction.

"A district court has discretion to decline to exercise supplemental jurisdiction over the state law claims when . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c).  "The decision on [whether to retain jurisdiction over the state-law claims] should be and is vested in the sound discretion of the trial court."  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).  In exercising this discretion, a court may consider a number of factors, including judicial economy, convenience, fairness and comity.  Id.  See also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  Where the case originally was filed in the district court, the decision to decline to retain jurisdiction over state-law claims will result in the dismissal without prejudice of those claims.  See, e.g., Johnson v. Fulton Concrete Co., 330 F. Supp. 2d 1330, 1346-47 (N.D. Ga. 2004).  Where the case originally was filed in state court, however, and then removed to the district court, the court may remand the case to the state court.  See, e.g., Fallin v. Mindis Metals, Inc., 865 F. Supp.

834, 842 (N.D. Ga. 1994) ("The Court (1) finds that there is not any original federal jurisdiction over the state claims remaining in this action, (2) declines, in the Court's discretion under 28 U.S.C. § 1367(c), to exercise supplemental discretion, and thus (3) finds that, under 28 U.S.C. § 1447(c), the Court does not have subject matter jurisdiction over this action, and this case should be remanded to state court."); Guzzino v. Felterman, 191 F.3d 588, 594-96 (5th Cir. 1999) (affirming district court's decision to remand case to state court rather than retain supplemental jurisdiction over remaining state-law claims).

Considering the nature of the Plaintiff's state-law claims, and the stage of the proceedings at which the Plaintiff's federal-law claims have been dismissed, the Court finds the above-listed factors counsel against retaining supplemental jurisdiction over the Plaintiff's state-law claims.   Accordingly, these claims will be remanded to the Superior Court of Fulton County, Georgia.

## III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Complaint [2] is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's motion is **GRANTED** with respect to Plaintiff's claims under Section 1983, and

the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant on these claims. Defendant's motion is **DENIED** with respect to Plaintiff's state-law claims, and this case is **REMANDED** to the Superior Court of Fulton County, Georgia.

  **SO ORDERED**, this 25th day of October, 2005.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE